RUTHERFORD AND OTHERS *against* THE STATE BANK.

ERROR *to Independence Circuit Court.*

Where the transcript shows no judicial seal to the original writ, and the Court below refused to quash the writ, the Supreme Court cannot presume, in favor of the Court below, that there was such seal to the original.

The presumption in favor of the Court below attaches only where the record affirmatively shows that the Court had acquired jurisdiction over the person of the defendant in the manner prescribed by law.

And where there was no such seal, and judgment was entered against two of the defendants by default, and against the third on demurrer, it will be reversed as to all.

Debt. The original writ, as transcribed, has no judicial seal. The defendant moved to quash it, without specifying any reason. Motion overruled, and he demurred. Demurrer overruled. Judgment against him on the demurrer, and against the others by default.

BYERS, for plaintiffs in error:

It is contended that the writ was illegal, because it had no judicial seal, and that it imposed no legal duty on the defendants to obey its mandate; and that the appearance of Thomas McG. Rutherford, and demurring to the declaration, cannot cure this defect as to the other plaintiffs in error, against whom judgment was rendered by default. This question we think well settled in the case of *Woolford vs. Dugan,* 2 *Ark. Rep.,* 131.

HEMPSTEAD & JOHNSON, *Contra :*

It is assigned, as error, that the writ of summons issued from the Court below was illegal, and imposed no legal duty upon the defendants to appear: that it was void, for want of "seal judicial." The transcript in this case shows a writ of summons, in due form of law, issued, served, and returned, but shows no seal of Court attached. The copy of the seal would be the seal itself. Is it the practice, in certifying transcripts of records to the Supreme Court, also to attach the seals of the Court to the copy of the various writs issued from the Court below? or is it not a matter to be shown from the pleadings in the

Rutherford and others *against* The State Bank.

Court below, if the writ be without a seal? If it be necessary that the proceedings in the Court below shall show the defect, the assignment of it here is idle.

The certified transcript shows, that a defendant below "appeared and filed his motion to quash the writ; whereupon, the Court, after hearing argument, &c., and being fully advised, overruled the motion."

No copy of this motion is contained, nor does the ground upon which it is made, appear in the transcript.

We may then conclude, the motion to quash was made upon any other ground, as soon as for want of a seal. We may conclude it was made because the seal of Court was merely impressed upon the paper, without wax; or for any other slight and imaginary cause. And since the Court below overruled the motion to quash, it is but justice to that Court, that we should presume no such vital defect as *the want of the judicial seal to the writ of summons giving the Court jurisdiction of the parties*, to have existed.

DICKINSON, J., delivered the opinion of the Court:

The case of *Gilbreath vs. Kuykendall*, 1 *Ark. Rep.*, 50, decides the question as to the writ. It was there held, that if the process is void, a defendant is under no legal obligation to appear and answer to the action, and cannot be considered in default for failing so to do. The statute imperatively declares, that all writs shall be sealed with the judicial seal of the Court. See *ch.* 2, *p.* 159, *Rev. Stat. Ark.* It is admitted by the counsel on both sides, that the transcript does not show any seal; and although we assent to the general rule, that we are bound to presume in favor of the Court below, yet that presumption only attaches when it is affirmatively shown by the record, that the Court has acquired jurisdiction over the person of the defendant in the manner prescribed by law. As well might we presume that a writ was signed by the Clerk, when his name is wholly omitted, as that a seal was affixed, when there is no evidence of it in the record; for the one is generally as necessary as the other. So we might with the same justice presume that the Sheriff had legally executed the process, because he had so stated, without showing the time and

manner. This would be carrying the doctrine of presumption to an extent unknown to the common law, and which no Court would sanction. There can be no judgment, unless there is first a valid writ, and legal service of it, unless the party, by a voluntary appearance, waives his right thereto.

We can easily conceive how the word *seal*, or something purporting that there had been one, might in a transcript be substituted *in loco sigilli*. Against two of the plaintiffs in error, viz: Allen and Thomas H. Flippin, judgment was taken by default. They have, therefore, a right to avail themselves of any irregularities in the proceedings against them. The other assignment of error it is unnecessary to notice, as we consider the writ void.

Judgment reversed, and case remanded, to be proceeded in at the next regular term of the Court below, as if the defendants were regularly served with process returnable thereto.